Mr. Pat Heusel Executive Director West Central Arkansas Planning and Development District, Inc. 2814 Malvern Rd. P.O. Box 1558 Hot Springs, Arkansas 71902
Dear Mr. Heusel:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information act ("FOIA"), which is codified as A.C.A. 25-19-101 et seq. Your inquiry pertains to a request that has been submitted to you and designated as an "FOIA Request". This request sets forth several "Interrogatories" and "Requests for Production", some of which request documents, but most of which request information. You have asked whether you would violate any confidentiality laws by releasing the requested information, particularly Interrogatory #4 and Request for Production #4. You have also asked for advice concerning possible methods that could be employed in providing the data, i.e., "on site review vs. actual copying all of the information (Interrogatory #4)."
It must be initially noted in addressing these questions that the FOIA provides for the inspection and copying of public records, and for open meetings. It does not, however, address any requirements in connection with the release of "information". An "Interrogatory" such as those attached to your correspondence, that is, a request for information as opposed to a request to inspect and copy records, does not fall within the FOIA. While we are not aware of any prohibition against your supplying the information requested, the FOIA does not contain any mandate in this regard. Of course, data compilations will be subject to inspection and copy under the FOIA. The FOIA does not, however, require the compilation of data in a form other than that in which it is currently maintained.
With regard to the records requested, A.C.A. 25-19-105(a) (Supp. 1989) states that except as otherwise specifically provided by the FOIA, ". . . all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." The records must, therefore, be made available; and in accordance with A.C.A.25-19-105(d) and (e) (Supp. 1989):
 (d) Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to any citizen.
 (e) If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days at which time the record will be available for the exercise of the right given by this chapter.
Thus, reasonable comforts and facilities for the exercise of the right to inspect and copy the records must not be denied. With regard, specifically, to Request for Production No. 4 (involving applications and resumes of applicants for employment), such records are, generally, subject to disclosure under the FOIA. Please note that I have enclosed a copy of Opinion Number 90-248 which addresses this question.
Consideration must also be given to A.C.A. 25-19-105 in connection with the release of any personnel records. Subsection (b)(10) of 25-19-105 (Supp. 1989) exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." This determination must be made on a case-by-case basis. I have, however, enclosed a copy of Attorney General Opinion Number 87-115 which sets forth the type of information that has been exempted from disclosure through interpretation by various courts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb